**Dr. Jerre M. FREEMAN, Plaintiff,**

v.

**MINNESOTA MINING AND MANUFACTURING COMPANY, Defendant.**

**Dr. Jerre M. FREEMAN, Plaintiff,**

v.

**COOPERVISION, INC., Defendant.**

**Civ. A. Nos. 84–577 CMW, 85–46 CMW.**

United States District Court, D. Delaware.

April 30, 1987.

Jeffrey B. Bove, and Collins J. Seitz, Jr., of Connolly, Bove, Lodge & Hutz, Wilmington, Del., for plaintiff; Bradford E. Kile, Washington, D.C. and James E. Cockfield, of Lahive & Cockfield, Boston, Mass., of counsel.

Charles S. Crompton, Jr., and David B. Brown, of Potter, Anderson & Corroon, Wilmington, Del., for defendant in C.A. 84–577; Walter N. Kirn, Patent Counsel for 3/M in St. Paul, Minnesota, and John Gould, of Merchant, Gould, Smith, Edell, Welter & Schmidt, Minneapolis, Minn., of counsel.

Donald F. Parsons, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for

defendant, in C.A. 85–46; Thomas R. Boland, Esquire and Ellen A. Efros, of Vorys, Sater, Seymour & Pease, Washington, D.C., of counsel.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

In these partially consolidated patent cases, plaintiff Dr. Jerre Freeman moves this Court to enjoin the defendants Coopervision and Minnesota Mining & Manufacturing ("3M") from seeking reexamination of the patent at issue by the Patent and Trademark Office ("PTO") until the litigation in this Court has been terminated.

Plaintiff filed these actions against 3M and Coopervision on October 5, 1984 and January 18, 1985, respectively, for infringement of plaintiff's reissue patent No. 31,-640 for "Buoyancy Intraocular Lens Device". The cases were consolidated for discovery and trial of common issues on May 29, 1985. After several disputes and extensions, discovery was cut off on October 31, 1986. Because no activity had taken place in the cases for over three months, the Court wrote to the parties on March 4, 1987 and directed the parties to identify recent case activity. The Court received responses from all the parties on March 17, 1987. Plaintiff's counsel responded that he was prepared for trial and had communicated with both defendants concerning that fact. Defendant Coopervision informed the Court that it planned to file a motion for summary judgment on April 30, 1987. 3M's plans were to file a summary judgment motion on April 20, 1987 and a petition for reexamination of the Freeman patent before the PTO on April 6, 1987. Plaintiff then filed a motion to enjoin 3M from petitioning the PTO for reexamination, which is the subject of this Opinion.[1]

The reexamination process is a relatively new procedure by which

[a]ny person at any time may file a request for re-examination by the Office [PTO] of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title. 35

U.S.C. § 302 (1984) (Pub.L. 96–517 § 1, Dec. 12, 1980, 99 Stat. 3015).

The only items of prior art to be considered in a reexamination proceeding are patents or printed publications. 35 U.S.C. § 301. When a petition for reexamination is filed, the PTO must decide within three months whether or not there is a substantial question of patentability. 35 U.S.C. § 303(a). If a substantial question of patentability is found, the patent will be reexamined, and the patent owner will have a chance to respond. 35 U.S.C. § 304. 3M is basing its petition for reexamination on three examples of prior publications: a Morcher product brochure; an article by Dr. Joaquin Barraquer; and an extract of the protocol of the Second Clinical Conference of the Moscow Experimental Laboratory for Experimental Surgery.

■ The issue presently before the Court is whether 3M should be allowed to petition the PTO for reexamination when the case is close to trial. Plaintiff concedes that defendant has a legal right to request a reexamination. But, plaintiff argues that the purposes for which the reexamination provisions were passed, cost savings and technical expertise, will not be furthered in this case. See *In re Pearne*, 212 U.S.P.Q. 466, 468 (Comm'r.Pat.1981) (cost savings); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed.Cir.1983), *cert. denied*, 464 U.S. 935, 104 S.Ct. 343, 78 L.Ed.2d 310 (1983) (technical expertise).

The case law on the interplay between litigation and reexamination primarily concerns when a court should stay its proceedings pending a PTO decision, not when the PTO should be stayed from proceeding or when a litigant should be enjoined from petitioning the PTO. See, e.g., *Digital Magnetic Systems, Inc. v. Ansley, et al.*, 213 U.S.P.Q. 290 (W.D.Okla.1982); *Ingro v. Tyco Industries*, 227 U.S.P.Q. 69, 70 (N.D. Ill.1985) [Available on WESTLAW, DCT database]. Whether or not the Court should stay the litigation is not before it. Were such a motion to be brought, the Court would not stay this case. See discussion, *infra*.

---

**1.** Defendant Coopervision did not seek to go

before the PTO for a reexamination.

On the other hand, the Court does not believe it to be appropriate to prohibit 3M from attempting to use the reexamination process as 3M sees fit. According to the PTO's Manual of Patent Examining Procedure § 2286, a reexamination procedure will not be stayed due to ongoing litigation unless that litigation is in trial. Because petitions for reexamination will arise in situations where a patent's validity is contested, it follows that patents under reexamination will often be in litigation. The PTO has taken the position that parallel proceedings in a court and in the PTO are acceptable unless the case in court is in trial. The Federal Circuit has stated that it does not find this internal procedure to be "a derogation of the statutory purpose nor an undue extension of statutory authority." *Patlex Corp. v. Mossing Loff,* 758 F.2d 594 (Fed.Cir.1985), *modified,* 771 F.2d 480 (Fed. Cir.1985). In light of the protracted nature of much patent litigation, it is logical for the PTO to conclude that it should not stay its proceedings except for at the trial stage. It is conceivable that a case could proceed in litigation and, when the time for trial arrives, the PTO will have already reached a determination which proves helpful in trying the case. Accordingly, the motion for injunctive relief will be denied.

■ Though not before the Court, it seems worthwhile to state the Court's view on granting a stay of court proceedings pending the PTO reexamination. In *Digital Magnetic,* the court commented that "parties should not be permitted to abuse the [reexamination] process by applying for reexamination after protracted, expensive discovery or trial preparation." 213 U.S. P.Q. at 290. *See also The Toro Company v. L.R. Nelson Corporation,* 223 U.S.P.Q. 636, 638 (C.D.Ill.1984) [Available on WEST-LAW, DCT database] (denying stay in a three and a half year old case with pending summary judgment motion where the "stay could accomplish little other than the delay of disposition of a suit which has, until now, run an overly protracted course."). Discovery was concluded in this case seven months ago, and the first of the two suits was filed two and a half years ago. Moreover, 3M knew about all three of the documents on which its reexamination petition will be based no later than August 8, 1986. To allow 3M to now use the reexamination process to get this case stayed would be to allow a defendant to use the reexamination as a mere dilatory tactic.[2]

A second rationale for staying the Court proceedings is that the Court would then have the benefit of the technical expertise of the PTO in adjudicating the pertinency of the three printed publications to the validity of the Freeman patent. Yet, the parties are in agreement that the issue on reexamination will not be of a highly technical nature. For all three publications, the issue is not whether they are pertinent to the patent, but whether they qualify under 35 U.S.C. § 102(a) and (b) as prior publications. Plaintiff concedes the readability of the publications on the plaintiff's claims but contests the publications' validity as prior art. Thus, the Court will not be required to make overly technical determinations concerning the pertinency of the three publications. With or without the PTO's assistance, the Court will be able to rule on the issue that could be decided by the PTO reexamination process.

The Court finds that there is not sufficient grounds for prohibiting 3M from exercising its right to petition the PTO for a reexamination procedure. Whether or not that petition will be of any value will depend on how quickly the parties actually file their summary judgment briefs and prepare for trial. Yet, the Court also believes that there is no justification for holding up disposition of the litigation until a result from the PTO is rendered. The Court will thus continue to hear this case, but will not interfere with 3M filing a request for reexamination in the patent office.

An Order will enter in conformity with this Opinion.

**2.** 3M has never moved for such a stay. It is only the potentiality that the Court addresses.