**XEROX CORP., Plaintiff,**

v.

**3COM CORPORATION, U.S. Robotics Corporation, U.S. Robotics Access Corp., and Palm Computing, Inc., Defendants.**

No. 97–CV–6182T.

United States District Court,
W.D. New York.

Feb. 18, 1999.

---

Harry P. Trueheart, III, Richard D. Rochford, Nixon, Peabody LLP, Rochester, NY, James A. Oliff, Darle M. Short, Edward P. Walker, Michael S. Culver, Richard E. Rice, Oliff & Berridge, Alexandria, VA, Michael F. Orman, Nixon, Peabody LLP, Rochester, NY, Christine M. Hoeft, Oliff & Berridge, Alexandria, VA, for plaintiff.

Joseph A. Regan, Faraci, Lange, Johns, Regan & Schwarz, LLP, Rochester, NY, Bradley J. Hulbert, James C. Gumina, Curtis J. Whitenack, Christopher M. Cavan, Thomas E. Wetterman, McDonnell, Boehnen, Hulbert & Berghof, Chicago, IL, for defendants.

## DECISION and ORDER

TELESCA, District Judge.

### INTRODUCTION

Plaintiff, Xerox Corp. ("Xerox"), alleges that the defendants willfully infringed and continue to infringe on U.S.Patent No. 5,596,656 (the " '656 patent") held by Xerox. By Decision and Order dated September 29, 1998, this Court denied the defendants' motion for summary judgment and granted the plaintiff's cross-motion for partial summary judgment, finding that the patent at issue is not invalid for prior public use.

After this Court's decision was rendered, defendants filed a request for reexamination of the '656 patent in litigation by the Patent and Trademark Office ("PTO") which was granted on January 14, 1999. Defendants now move for a stay of expert discovery and trial in this case pending the PTO's determination.

### BACKGROUND

Xerox is the owner of the '656 patent entitled "Unistrokes for Computerized Interpretation of Handwriting," which was issued on January 21, 1997. The invention involves using an alphabet of single-stroke characters for computerized handwriting recognition.

On April 28, 1997, plaintiff commenced this action, claiming that the defendants willfully infringed and are infringing on this patent by using and selling the invention. The accused product is the "PalmPilot" hand-held computer, which is sold by defendant Palm Computing, Inc. ("Palm"), and which allegedly uses the Unistrokes alphabet technology. The parties have engaged in extensive discovery and motion practice before this Court including defendants' motion to transfer venue, defendants' motion for summary judgment, plaintiff's motion for partial summary judgment, and numerous discovery motions.

By Decision and Order dated September 29, 1998, this Court denied defendants' motion for summary judgment and granted plaintiff's cross-motion for partial summary judgment, finding that the '656 patent is not invalid for prior public use. Days after this Court's denial of defendants' motion for summary judgment, defendants filed a request with the PTO for reexamination of the '656 Patent. Defendants then moved to stay the case pending reexamination of the patent in litigation, even though the PTO had not yet granted defendant's request for reexamination. This Court denied the motion for a stay without prejudice to renew.

On January 14, 1999, the PTO granted 3Com's request for reexamination of the '656 patent, finding a substantial new question of patentability affecting claims 1–16 of Dr. Goldberg's Unistrokes patent. Specifically, the PTO recognized that certain prior art showing unistroke alphabets consisting of both straight and arcuate characters was not present during prosecution of the '656 application. The PTO also agreed that the same prior art was recently used by the PTO to reject similar claims in another patent application.

Defendants now renew their request to stay the instant action pending reexamination by the PTO, but seek a stay only as to expert discovery and trial, conceding that factual discovery should continue to completion. Defendants argue that granting a stay will not prejudice the plaintiff, but that denying a stay will prejudice the defendants since the majority of patents which are reexamined by the PTO end up having one or more claims modified, if not canceled completely. Thus, defendants argue that PTO's determination will likely change or narrow the issues for trial before this Court. If a stay is not granted, the defendants assert that the parallel proceedings before this Court and the PTO may end in inconsistent results if, for example, this Court should find that defendants infringed the '656 patent while the PTO invalidates some or all of the '656 claims.

Plaintiff opposes the request for a stay, arguing that a delay of 19 months or more[1] pending reexamination would be unfair to Xerox, especially at this late stage in the proceedings. Substantial discovery has already been completed. Xerox has responded to 278 document requests, producing tens of thousands of documents; responded to 385 admissions requests and interrogatories; and taken and defended "dozens" of depositions. Expert reports are due to be exchanged within two weeks. This Court has ordered that discovery shall be completed by April 1, 1999 and the parties shall appear for a pre-trial conference on April 20, 1999 to schedule a trial date.

Plaintiff also points to the fact that defendants knew of the references they cited as prior art for at least eight months before seeking reexamination by the PTO, and that defendants' request for reexamination came literally days after this Court's denial of defendants' motion for summary judgment. Thus, plaintiff argues that the request for reexamination was clearly made for dilatory tactical reasons and, accordingly, should be denied.

## DISCUSSION

■ The district court has the inherent power to control and manage its docket, which includes the authority to order a stay pending the outcome of reexamination proceedings in the PTO. *See Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed.Cir. 1983), *cert. denied* 464 U.S. 935, 104 S.Ct. 343, 78 L.Ed.2d 310 (1983); *Ethicon v. Quigg*, 849 F.2d 1422, 1426 (Fed.Cir.1988). "A motion to stay an action pending the resolution of a related matter in the United States Patent and Trademark Office is directed to the sound discretion of the court." *Braintree Laboratories, Inc. v. Nephro–Tech, Inc.*, 1997 WL 94237, 1997 U.S.Dist. LEXIS 2372 (D.Kan.1997).

■ In determining whether to stay litigation pending reexamination by the PTO, courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *See Target Therapeutics, Inc. v. SciMed Life Systems, Inc.*, 1995 WL 20470 (N.D.Cal.1995); *GPAC, Inc. v. DWW Enterprises, Inc.*, 144 F.R.D. 60, 66 (D.N.J.1992); *United Sweet-*

1. Plaintiff points to statistics which show that the average pendency of re-examination before the PTO is 19.2 months, not including any appeals.

*ener USA, Inc. v. Nutrasweet Co.,* 766 F.Supp. 212, 217 (D.Del.1991).

■ I find that consideration of all of the relevant factors under the circumstances presented in this case weigh against a stay. This case has been pending since April of 1997. The parties have engaged in substantial discovery, as well as dispositive motions. Expert reports will be exchanged within days. The discovery deadline set by this Court is April 1, 1999 and the case is set for a pre-trial conference on April 20, 1999. Substantial time and expense have been invested in this litigation by the parties and the Court. The case is nearly ready for trial.

While the PTO is directed by statute to conduct reexamination proceedings with "special dispatch," 35 U.S.C. § 305, the procedure would nonetheless involve a lengthy delay. Plaintiff points to the average time for reexamination, 19.2 months, which does not account for the time for any appeal taken by the patentee pursuant to 35 U.S.C. § 306. At oral argument, counsel for the defendants conceded that the delay could be at least one year, even with the PTO's expedited attention if there were a stay. Thus, the delay involved would likely be at least one year and could easily exceed two years. In light of the substantial time and resources already invested into this litigation, such a lengthy delay would prejudice the plaintiff, who claims that the defendants continue to wilfully infringe the '656 patent.

Furthermore, there is evidence that the movant's request for a stay has at least some dilatory tactical motive behind it. Plaintiff argues that the defendants were aware of the prior art cited to the PTO in the request for reexamination as early as March of 1998 because defendants cited those very same references in interrogatory responses to the plaintiff on that date and shortly thereafter threatened plaintiff with reexamination based on those references. Nevertheless, defendants did not file the request for reexamination until October 1998—literally days after this

Court's denied defendants' motion for summary judgment.

" 'Parties should not be permitted to abuse the [reexamination] process by applying for reexamination after protracted, expensive discovery or trial preparation.' " *Freeman v. Minnesota Mining and Manufacturing Co.,* 661 F.Supp. 886, 888 (D.Del.1987) [Defendant was aware of prior art on which reexamination was based for eight months before filing petition for reexamination and case had been pending for more than two years], *quoting Digital Magnetic Sys. Inc. v. Ansley,* 213 U.S.P.Q. 290 (W.D.Okla.1982). "To allow [3Com] to now use the reexamination process to get this case stayed would be to allow a defendant to use the reexamination as a mere dilatory tactic." *Freeman,* 661 F.Supp. at 888.

It bears mentioning that the inquiries of the PTO on reexamination and the issues before the district court in an infringement action are quite distinct. As the Federal Circuit has recognized, "the awkwardness presumed to result if the PTO and court reach different conclusions is more apparent than real. The two forums take different approaches in determining invalidity and on the same evidence could quite correctly come to different conclusions." *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1428 (Fed.Cir.1988).

Before the district court, a patent is presumed valid and the party asserting invalidity must prove the facts to establish invalidity of each claim by clear and convincing evidence. 35 U.S.C. § 282; *Kaufman Co. v. Lantech, Inc.,* 807 F.2d 970, 974 (Fed.Cir.1986). However, in a reexamination proceeding before the PTO, there is no presumption of validity and there must only be a preponderance of the evidence to show nonpatentability before the PTO may reject the patent claim(s). *Ethicon, Inc. v. Quigg, supra,* at 1427.

If the district court determines that a patent is not invalid, the PTO will continue its reexamination because the two forums have different standards of proof for deter-

mining invalidity, such that the doctrine of collateral estoppel would not bar the PTO's reexamination. *Ethicon, supra,* at 1429, n. 3. On the other hand, if the district court determines that the patent is invalid, and that decision is either upheld on appeal or not appealed, the PTO may discontinue its reexamination, since the district court's order could have res judicata effect if the "patentee has had a full and fair chance to litigate the validity of his patent." *Id.*

Thus, although there is the possibility that the defendants will be subjected to conflicting results in the parallel proceedings before this Court and the PTO, the danger is "more apparent than real." *Ethicon,* at 1428. Defendants were aware of the alleged prior art they cited to PTO in the request for reexamination as early as March of 1998, yet chose to continue litigation in this Court, waiting until October of 1998 (after an adverse decision in their motion for summary judgement) to petition PTO for reexamination.

I find that the benefits to be gained by waiting for the PTO's determination (i.e. gaining the PTO's expertise and potentially narrowing the issues for trial) are far outweighed by the prejudice to the plaintiff which would be caused by such a lengthy delay at this stage in the proceedings, particularly in light of the substantial time and expense already invested in discovery and trial preparation in this action.

*CONCLUSION*

Defendants having moved for a stay of proceedings (Docket Nos. 119 and 121) pending reexamination of the '656 patent by the PTO, it is hereby

ORDERED that the defendants' motion is denied.

ALL OF THE ABOVE IS SO ORDERED.