**SOVERAIN SOFTWARE LLC, Plaintiff,**

v.

**AMAZON.COM, INC., Defendant.**

**No. 6:04–CV–14.**

United States District Court, E.D. Texas, Tyler Division.

Feb. 9, 2005.

---

Shentov, Kenneth L. Stein, Georgia Yanchar, Jones Day, New York City, Carl R. Roth, Michael Charles Smith, The Roth Law Firm, Marshall, TX, for Plaintiffs.

J. Christopher Carraway, James E. Geringer, Richard David McLeod, John D. Vandenberg, Klarquist, Sparkman, Campbell, Portland, OR, Parker C. Folse III, Brooke A.M. Taylor, Susman, Godfrey LLP, Seattle, WA, Max Lalon Tribble, Jr., Susman, Godfrey LLP, Houston, TX, David A. Nelson, Latham & Watkins, Chicago, IL, David A. Zapolsky, Amazon.Com, Inc., Seattle, WA, Eric Hugh Findlay, Ramey & Flock, Tyler, TX, David A. Nelson, Israel "Sasha" Mayergoyz, Amanda J. Smith, Latham & Watkins, Chicago, IL, for Defendants Amazon.com, The Gap, Inc.

## ORDER

DAVIS, District Judge.

Before the Court is Amazon's Motion to Stay Proceedings Pending Completion of the Reexamination (Docket No. 152). Having considered the parties' written submissions and oral arguments, the Court memorializes its ruling from the bench and **DENIES** the motion.

## BACKGROUND

Soverain filed its original complaint in this case just over a year ago in January of 2004. Soverain alleges that Amazon infringes U.S. Patent Nos. 5,715,314, 5,909,-492, and 5,708,780. Amazon requested that the Patent and Trademark Office perform an *ex parte* reexamination of the '780 patent on August 24, 2004 and the '314 and '492 patents on November 3, 2004. The PTO accepted the '780 patent for reexamination on October 21, 2004. The PTO originally ordered the reexamination of the '492 patent on December 14, 2004.[1]

Kenneth Robert Adamo, Jones Day, Dallas, TX, Richard H. An, Thomas L. Giannetti, Jennifer Seraphine, Ognjan V.

---

1. On January 19, 2005 the PTO vacated its reexamination order on the '492 patent, apparently for administrative reasons. On January 26, 2005, the PTO ordered reexamination of the '492 and '314 patents.

In early January of 2005, the Court held a *Markman* hearing and heard the parties' claim construction arguments. Amazon did not move to stay this case until January 14, 2005, a week after the *Markman* hearing. This case is rapidly moving toward trial, which is set in August. The parties should be close to completing discovery as the discovery deadline is next month.

## ANALYSIS

■■■■ The district court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed.Cir.1983). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55, 57 S.Ct. 163. In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set. *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y.1999).

■■■ The first factor, whether a stay would unduly prejudice or present a tactical disadvantage to Soverain, supports denying the stay. In October and November of 2004, Amazon vigorously opposed Soverain's attempt to add additional patents to this litigation. At that time, Amazon argued that the Court should strike Soverain's pleadings relating to the new patents because it would delay progress toward trial. The Court granted Amazon's motion and did not allow Soverain to add the new patents in this case. While Amazon was arguing the delay in order to prevent Soverain from adding new patents in this case, it had already requested reexamination of all three patents at issue here. Although over 90% of all reexamination requests are granted,[2] Amazon waited until this case was a year old and the Court had held the *Markman* hearing before moving for a stay, which would result in the very delay Amazon had only months before opposed. Postponing trial pending reexamination a year into the case and only six months prior to trial would unduly prejudice Soverain's ability to protect its property rights in the patents at issue.

The second factor, whether a stay would simplify the issues in this case, is more equivocal. Soverain alleges that Amazon has infringed three of its patents. Amazon contends those patents are invalid and Soverain's predecessor engaged in inequitable conduct during patent prosecution. While reexamination would substantially simplify this case if the PTO finds that all allegedly infringed claims of any of the patents are cancelled, this historically happens in only 12% of reexaminations requested by a third party. The unlikelihood of this result, which favors not staying the case, is offset by the possibility that some of the claims may change during reexamination, which favors staying the case. Although there may be circumstances that warrant a stay, the Court is unwilling to adopt a *per se* rule that patent cases should be stayed during reexamination because some of the relevant claims may be affected. To do so would not promote the efficient and timely resolution of patent cases, but would invite parties to unilaterally derail timely patent case resolution by seeking

**2.** All statistics are taken from the United States Patent and Trademark Office, *Ex Parte* Reexamination Filing Data–September 30, 2004, submitted by Soverain.

 

reexamination. Some of the claims may change in this case, but the Court is of the opinion that the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold. Firm trial settings resolve cases and reduce litigation costs. Accordingly, the possibility of issue simplification is not sufficiently persuasive in this case.

The Court finds the third factor, whether discovery is complete and whether a trial date has been set, weighs heavily in favor of denying the stay. In June of 2004, the Court entered its scheduling order and set this case for trial in August of 2005. The parties have already produced hundreds of thousands of pages of documents and millions of lines of source code and should complete discovery next month. As previously mentioned, the parties have also fully briefed and argued the claim construction issues, and the Court is currently working on its order construing the claims at issue. Given the resources that the parties and the Court have already invested in this case, staying the case, based solely on speculation of what might possibly happen during reexamination, would be inefficient and inappropriate.

## CONCLUSION

In all cases before it, the Court places great importance on going to trial on the date set in the scheduling order unless extraordinary circumstances arise. The Court does not believe that reexamination is necessarily such an extraordinary circumstance in this patent case. After considering the prejudice to Soverain, the possibility of issue simplification, the resources already invested in this case, and the rapidly approaching trial date, the Courts find a stay this late in the proceed-

ings is inappropriate. Accordingly, the Court **DENIES** Amazon's motion.