In re CYGNUS TELECOMMUNICA-
TIONS TECHNOLOGY, LLC,
PATENT LITIGATION

This Order Relates to:

Cygnus Telecommunications
Technology, LLC,
Plaintiff,

v.

United World Telecom, L.C., Liberation
Management LLC, and Primus Tele-
communications, Inc., Defendants.

Nos. C–02–00142–RMW, C–02–00145–
RMW, C–02–05437–RMW, C–02–03594–
RMW, C–02–03596–RMW, C–02–03378–
RMW, C–02–04003–RMW, C–02–05758–
RMW, C–02–01791–RMW, C–02–03001–
RMW, C–02–03365–RMW, C–02–04247–
RMW, C–02–04359–RMW, C–02–01291–
RMW.

United States District Court,
N.D. California.
San Jose Division.

Aug. 23, 2005.

John Paul Sutton, Attorney at Law, San
Francisco, CA, David Allen Lowe, Law-
rence D. Graham, Black Lowe & Graham,
Seattle, WA, Raymond C. Stewart, Quen-
tin R. Corrie, Birch Stewart Kolasch &
Birch LLP, Falls Church, VA, for Plain-
tiffs.

John F. Mardula, Jon L. Roberts, Rob-
erts Abokhair Mardula, LLC, Reston, VA,
for Defendants.

ORDER STAYING ACTION IN PART
PENDING REEXAMINATION;
DENYING MOTION TO SUGGEST
REMAND; REQUIRING SERVICE
OF PRELIMINARY INVALIDITY
CONTENTIONS AND ACCOMPA-
NYING DOCUMENTS; OVERRUL-
ING OBJECTION TO MAGIS-
TRATE JUDGE'S ORDER OF
JUNE 24, 2005; AND SETTING
CASE MANAGEMENT CONFER-
ENCE

WHYTE, District Judge.

## I. STAY

On November 18, 2004, United World
Telecom, LC ("UWT") requested *ex parte*

reexamination by the United States Patent and Trademark Office ("USPTO") of the patents-in-suit, U.S. Patent Nos. 5,883,964 and 6,035,027. On December 30, 2004, the USPTO granted UWT's reexamination requests as to all claims in each patent. Thereafter, on February 11, 2005, UWT, joined by defendants Liberation Management and Primus Telecommunications, moved to stay proceedings in this multidistrict litigation (or at least as to the moving defendants) until the completion of the reexamination. Plaintiff Cygnus Telecommunications Technology ("Cygnus") opposes the stay.

■ While courts are not required to stay judicial resolution in view of reexamination, *Viskase Corp. v. American Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed.Cir. 2001), a stay for purposes of reexamination is within the district court's discretion, *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed.Cir.1985). *See also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed.Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue. *See, e.g., Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed.Cir.1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."); *cf. Slip Track Systems, Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed.Cir.1998).

■ When determining the appropriateness of a stay pending reexamination, the court considers the following three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999); *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F.Supp. 1378, 1380 (N.D.Cal.1994) (citing *GPAC, Inc. v. DWW Enterprises, Inc.*, 144 F.R.D. 60, 66 (D.N.J.1992)). Overall, the factors here weigh in favor of a partial stay.

■ First, the court addresses the potential for undue prejudice or existence of a clear tactical disadvantage to Cygnus. If there is prejudice to Cygnus, it arises primarily in the form of delay to reaching resolution in the multiple litigations transferred to this court. Cygnus argues that reexamination could result in delaying trial in the various actions until 2012, citing a potential for a 7–year reexamination cycle (based upon the amount of time between application for and issuance of the patents-in-suit), plus appeals all the way to the Supreme Court. This estimate seems unrealistic. This court's review of reexamination certificates posted in the USPTO *Official Gazette* over the last 12 months reveals that reexaminations generally take from 6 months to 3 years. There appears to be no specific data regarding the reexamination time projected for patents involving telecommunications subject matter. While 6 months to 3 years is certainly not a desirable delay in the progress of litigation, the reexamination process is now underway: reexamination has been granted; plaintiff's reexamination briefing was due around the end of February; and UWT's briefing was presumably due around the end of April. Cygnus points out that the claims against the moving defendants have

been pending for some time and had been pending over a year before UWT requested reexamination.[1] The court finds the delay caused by a stay to be potentially acceptable and not unduly prejudicial in light of the clarity reexamination of the patents-in-suit may bring to the litigation.

As evidence that staying the action will result in a tactical disadvantage to the nonmoving party, Cygnus points out that this court is intimately familiar with the patents-in-suit and that it possesses the expertise to conduct the pretrial determinations in this litigation. It argues that the litigation to date, although not having progressed to trial in any of the actions that have been transferred to this court, has resulted in sixteen judgments. Cygnus claims staying the action would bring plaintiff's progress in achieving settlements and judgments against alleged infringers to a halt.

While it is true that a stay will inevitably cause some delay, the court does not find that this delay will result in a sufficient tactical disadvantage to Cygnus to warrant denial of a stay pending reexamination. The court is going to permit some further proceedings which should allow meaningful settlement proceedings to go forward.

Second, there is little question that a stay would "simplify the issues in question and trial of the case." If the USPTO cancels any of the 21 claims asserted in the two patents, infringement and validity issues that could potentially be raised in any of the multiple litigations consolidated before this court would be resolved. For those claims that survive the reexamination, this court may have a richer prosecution history upon which to base necessary claim construction determinations or reconsideration. *Gould,* 705 F.2d at 1342. Although Cygnus argues that permitting a

stay pending reexamination would be a dereliction of the duty imposed upon this court by the Judicial Panel on Multidistrict Litigation, the court disagrees. By permitting the USPTO to apply its expertise to the patents-in-suit, a stay of this action may facilitate more consistent outcomes in the litigations that have been transferred to it—precisely the goal of the multidistrict litigation scheme.

Third, discovery has not been completed in any of the pending actions involved in the multidistrict litigation. No case is on the verge of trial. In fact, Cygnus recently (1) noticed a motion to reconsider this court's denial of certain defendants' motion for partial summary judgment of non-infringement, setting forth claim construction issues for the court's reconsideration and (2) filed a new case, *Cygnus v. Scheele,* C–05–01291 RMW, asserting similar patent claims. Cygnus also has indicated that it will probably sue additional parties. Thus, it is clear that the present stage of the litigation favors granting a stay.

Cygnus argues that the reexamination is not warranted based upon the prior art references submitted by UWT. It dedicates much of its briefing to explaining the evidentiary shortcomings of the prior art references to be considered by the USPTO and the irrelevance of the patents submitted with UWT's application for reconsideration. Notwithstanding those arguments, the USPTO has found that there is a "substantial new question of patentability," thus, the request for reconsideration is not frivolous.

## II. MOTION TO SUGGEST REMAND

On April 8, 2005, Cygnus filed a motion to suggest remand of three cases to their districts of origin: *Cygnus v. Dial–Thru*

---

**1.** This court received the case against UWT on August 1, 2003 following transfer from Florida and the case against Liberation and Pri- mus on December 22, 2003 after transfer from southern California.

*International,* No. C–02–00142; *Cygnus v. International Telecom, Ltd.,* C–02–00145; and *Cygnus v. Globalphone Corp.,* C–02–05437. In spite of Cygnus's arguments to the contrary, these cases are not ready for remand at this time. As Cygnus acknowledges, there remains at minimum substantial discovery to be completed.[2] Thus, the court denies Cygnus's motion without prejudice, however, Cygnus only may reassert its suggestion for remand after either the reexamination has been completed or the court has permitted stayed proceedings to move forward once again.

## III. OBJECTION TO MAGISTRATE JUDGE'S ORDER RE ADEQUACY OF PRELIMINARY INFRINGEMENT CONTENTIONS

On June 24, 2005 the assigned magistrate judge issued his Order Denying Defendants' Motions to Compel and for Rule 11 Sanctions. Dial–Thru International, International Telecom Ltd., GlobalPhone Corporation, and Interactive Media Technologies Inc., timely objected to the order complaining that plaintiff still had not filed acceptable Preliminary Infringement Contentions pursuant to Patent L.R. 3–1 and 3–2. A magistrate judge's pretrial rulings may be reconsidered by the assigned district judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Although Cygnus' compliance with Patent L.R. 3–1 and 3–2 is marginal, the court does not find the magistrate judge's order "clearly erroneous or contrary to law." Therefore, the objection is overruled and defendants' alternative motion to dismiss is denied.

## IV. ORDERS

For the foregoing reasons, the court grants UWT's motion for a stay of the action until further order of the court or a reexamination determination, whichever occurs first. It also denies Cygnus's motion to suggest remand. The court hereby stays all current proceedings assigned to this court by the Judicial Panel on Multidistrict Litigation[3] except: (1) the filing by all defendants of their Preliminary Invalidity Contentions pursuant to Civil L.R. 3–3 and their Document Production Accompanying Preliminary Invalidity Contentions pursuant to Patent L.R. 3–4[4]; (2) litigation between Cygnus and Liberation Management, LLC and Primus Telecommunications, Inc. (*Cygnus v. Liberation,* C–03–5758) related to the settlement

---

2. In its motion, Cygnus suggests (1) permitting defendants to take the deposition of its expert, Mr. Forys, (2) ordering defendants to file their invalidity contentions, and (3) providing for a 90–day cutoff for all discovery except discovery into damages.

3. The docket shows the following motions on which rulings will be deferred pursuant to this current stay order:
   *Cygnus v. Dial–Thru International,* C–02–00142
   *Cygnus v. International Telecom Limited,* C–02–00145
   *Cygnus v. GlobalPhone,* C–02–05437
     Cygnus's Motion for Relief Under Rule 60(b)(2) (filed 1/28/05)
     Cygnus's Motion for Summary Judgment (filed 7/22/05)

   *Cygnus v. United World Telecom,* C–03–03596:
     Cygnus's Motion for Summary Judgment (filed 8/4/05)
   *Cygnus v. WorldLink Companies, et al.,* C–03–4003:
     Cygnus's Motion for Summary Judgment Against WorldLink (filed 7/8/05)

4. The requirement to provide Preliminary Invalidity Contentions assumes that Cygnus has served each defendant with its Preliminary Infringement Contentions as to that defendant. If Cygnus has not done so, it must do so within ten days of this order to trigger the service of the Preliminary Invalidity Contentions on the schedule set forth in this order.

agreement between Cygnus and Primus including Liberation's Motion for Summary Judgment (under submission); (3) AT & T's Motion for Partial Judgment on the Pleadings in *Cygnus v. AT & T,* C–04–04247 (under submission); and (4) Cygnus' Motion for Accounting in *Cygnus v. Access Network Services,* C–04–01791 (defendants have not appeared; submitted on the papers)

Except as otherwise provided above, all other hearing and scheduling dates are vacated. A Case Management Conference to review the status of these cases and the appropriateness of a continued stay is set for December 2, 2005 at 10:30 a.m.

Plaintiff is to insure that this order is served on any party not listed on the court's service list and to advise the court as to any pending case not listed in the caption.