PREMIER INTERNATIONAL
ASSOCIATES LLC,
Plaintiff,

v.

HEWLETT–PACKARD CO.,
et al., Defendants.

Premier International Associates
LLC, Plaintiff,

v.

Microsoft Corp., et al., Defendants.

Civil Action Nos. 2:07–CV–395
(DF), 2:07–CV–396 (DF).

United States District Court,
E.D. Texas,
Marshall Division.

May 19, 2008.

David P. Germaine, Jeffrey R. Moran, Joseph M. Vanek, Thomas A. Vickers, Vanek Vickers & Masini PC, David Lesht, David M. Mundt, Eugene M. Cummings, Konrad V. Sherinian, Martin Goering, Panasarn Aim Jirut, Cook Alex McFarron Manzo Cummings & Mehler, Chicago, IL, Elizabeth L. Derieux, Sidney Calvin Capshaw, III, Nancy Claire Abernathy, Capshaw Derieux, LLP, Longview, TX, Franklin Jones, Jr., Jones & Jones, Marshall, TX, Charles Ainsworth, Robert Christopher Bunt, Robert M. Parker, Parker Bunt & Ainsworth, Deborah J. Race, Otis W. Carroll, Jr., Ireland Carroll & Kelley, Tyler, TX, for Plaintiff.

Danny Lloyd Williams, Williams Morgan & Amerson, David J. Healey, Garland T. Stephens, John R. Lane, Weil Gotshal & Manges, Samuel Eugene Stubbs, Pillsbury Winthrop, Scott F. Partridge, Michael A. Hawes, Baker Botts LLP, Houston, TX, Eric Hugh Findlay, Ramey & Flock, Michael Edwin Jones, Potter Minton PC, Tyler, TX, Patrick T. Weston, William F. Abrams, Bingham McCutchens LLP, East Palo Alto, CA, William Bryan Farney, Mason Abel Gross, Steven Robert Daniels, Dechert LLP, Christopher Robert Benson, Michael C. Barrett, Fulbright & Jaworski, Wayne Manford Harding, Brian K. Erickson, Jeffrey R. Cole, Dewey & Leboeuf, Austin, TX, Charles J. Boudreau, John L. Labarre, Josh A. Krevitt, Gibson Dunn & Crutcher, Michael O. Cummings, Covington & Burling, Alexas D. Skucas, Allison H. Altersohn, Mark H. Francis, Robert F. Perry, Susan A. Kim, King & Spalding, LLP, Thomas L. Giannetti, Jones Day, New York, NY, Mark Nolan Reiter, Steven Mark Geiszler, Gibson Dunn & Crutcher, Hilda Contreras Galvan, Keith Bryan Davis, Jones Day, Dallas, TX, Michael Charles Smith, Siebman Reynolds Burg Phillips & Smith, LLP, Amanda Aline Abraham, Brendan Clay Roth, Carl R. Roth, The Roth Law Firm, Melissa Richards Smith, Gillam & Smith, LLP, Marshall, TX, Brian H. Pandya, James H. Wallace, Jr., Kevin P. Anderson, Wiley, Rein LLP, George F. Pappas, Jason R. Litow, Jeffrey B. Elikan, Covington & Burling, Rachel A. Adams, Howrey LLP, Anthony W. Shaw, Robert A. Auchter, Dewey & Leboeuf, Joshua Pond, Michael J. McKeon, James A. Fussell, III, Fish & Richardson PC, Washington, DC, J. Thad Heartfield, The Heartfield Law Firm, Beaumont, TX, Lance Lee, Young Pickett & Lee, Texarkana, TX, Christopher K. Dorsey, Fred T. Grasso, Sarah R. Greene, William P. Atkins, Pillsbury Winthrop Shaw Pittman, McLean, VA, for Defendants.

## ORDER

DAVID FOLSOM, District Judge.

Currently before the Court are Defendants' Motions to Stay Litigation Pending Reexamination (2:07–cv–395, Dkt. No. 55 [1]

---

1. This motion was filed by Acer America Corporation, Acer Inc., Amazon Digital Services,

& 2:07–cv–396, Dkt. No. 135 [2]). Various defendants have provided a Supplemental Motion stating that they would agree to a stipulation limiting the use of certain reexamination prior art and would specifically agree to the stipulation ordered in *Data Treasury v. Wells Fargo & Co.*, No. 2:07–cv–395 (E.D.Tex. Jan. 10, 2007). 2:07–cv–395, Dkt. No. 57 [3]; 2:07–cv–396, Dkt. No. 141 [4]. A hearing was held regarding this matter on April 7, 2008 and having reviewed the relevant briefing and hearing arguments of counsel, the Court finds that Defendants' motions should be **GRANTED AS MODIFIED.**

## I. BACKGROUND

Premier International Associates, LLC ("Premier") had previously asserted U.S. Patent Nos. 6,243,725 ("the '725 Patent") and 6,763,345 ("the '345 Patent") against Apple Computer, Inc. ("Apple") in the Eastern District of Texas. *Premier Int'l Assocs. v. Apple Computer, Inc.*, C.A. No. 2:05–cv–506, Dkt. No. 1, 2005 WL 3940547 (E.D.Tex. Nov. 3, 2005). In December 2006, Apple filed reexamination requests for both the '345 and '725 Patents. *Premier Int'l Assocs. v. Apple Computer, Inc.*, C.A. No. 2:05–cv–506, Dkt. No. 116, at 2 (E.D.Tex. Mar. 27, 2007). The United States Patent and Trademark Office

("PTO") granted Apple's request for an *ex parte* reexamination [5] of the '725 Patent on February 27, 2007 and granted Apple's request for *inter partes* reexamination [6] of the '345 Patent on March 1, 2007.[7] *Id.* at 2–3. On September 14, 2007, Premier and Apple stipulated to a dismissal, which was granted by Judge Ward on September 18, 2007. *Premier Int'l Assocs. v. Apple Computer, Inc.*, C.A. No. 2:05–cv–506, Dkt. Nos. 162 & 163.

On September 11, 2007, Premier filed both of the pending causes of action in the Eastern District of Texas asserting the '345 and '725 Patents. On October 3, 2007, the PTO issued an Office Action rejecting the claims in both patents. 2–07–cv–395, Dkt. No. 55, Exhs. A & B. Premier filed several amendments in November 2007 and an amendment on January 3, 2008. Dkt. No. 55, Exhs. C, D, E, F. On December 4, 2007, Apple withdrew from participation in the '345 reexam. 2:07–cv–395, Dkt. No. 72 at 3. Plaintiff filed amended complaints in both actions on December 10, 2007. 2:07–cv–395, Dkt. No. 39; 2:07–cv–396, Dkt. No. 101. On December 11, 2007, Defendant Yahoo!, Inc. ("Yahoo!") filed a "Petition to Allow Participation of Yahoo!, Inc. as Third Party Requester," which the PTO rejected. 2:07–cv–395, Dkt.

Inc., Amazon.Com, Inc., Gateway Inc., Hewlett–Packard Co., and Yahoo! Inc.

2. This motion was filed by AT & T Mobility LLC, Cellco Partnership d/b/a/ Verizon Wireless, Dell Inc., LG Electronics MobileComm USA, Inc., Lenovo (United States) Inc., Microsoft Corp., Motorola Inc., Napster, Inc., Nokia Corp., Nokia Inc., Real Networks, Inc., Samsung Electronics America Inc., Samsung Electronics Co., LTD., Sandisk Corp., Sprint spectrum LP, Toshiba America Information Systems, Inc., Verizon Communications Inc., and Viacom Inc.

3. This motion was filed by Hewlett–Packard Co., Acer Inc., Acer America Corp., Gateway Inc., and Yahoo! Inc.

4. This motion was filed by Lenovo (United States) Inc., Sandisk Corp., Toshiba America Information Systems, inc., LG Electronics MobileComm USA, Inc., Microsoft Corp., and Dell Inc.

5. Control No. 90/008,361 ("the '725 Reexam").

6. Control No. 95/000,201 ("the '345 Reexam").

7. The reason for the different types of reexamination is because *inter partes* reexamination is only available for patents with filing dates after November 29, 1999.

No. 72 at 3. On February 8, 2008, Yahoo! filed its own *inter partes* reexamination request of the '345 Patent and seeks to have it consolidated with Apple's '345 reexam. *Id.* On February 5, 2008, Defendants filed their answers to the amended complaint and the current motions to stay. *Id.*

## II. APPLICABLE LAW

■■■ "The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.,* 356 F.Supp.2d 660, 662 (E.D.Tex.2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55, 57 S.Ct. 163. In deciding whether to stay litigation pending reexamination, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Soverain,* 356 F.Supp.2d at 662.

Additionally, a stay has been found to benefit the district court proceedings upon the completion of a reexamination because:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise[;]

2. Many discovery problems relating to prior art can be alleviated by the PTO examination[;]

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;]

4. The outcome of the reexamination may encourage a settlement without the further use of the Court[;]

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation[;]

6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and]

7. The cost will likely be reduced both for the parties and the Court.

*Fisher Controls Co., Inc. v. Control Components, Inc.,* 443 F.Supp. 581, 582 (S.D.Iowa 1977); accord *Emhart Indus. v. Sankyo Seiki Mfg.,* 3 U.S.P.Q.2d 1889, 1890 (N.D.Ill.1987); *GPAC, Inc. v. D.W.W. Enters., Inc.,* 144 F.R.D. 60, 63 (D.N.J. 1992). As noted by the Federal Circuit, reexamination may result in the elimination of most, if not all, of the issues remaining in the pending litigation. *Gould v. Control Laser Corp.,* 705 F.2d 1340 (Fed.Cir.1983), *cert. denied* 464 U.S. 935, 104 S.Ct. 343, 78 L.Ed.2d 310 (1983). If not found invalid, the reexamination will at least likely result in a narrowing and simplifying of the issues before the Court. *See Loffland Bros. Co. v. Mid–Western Energy Corp.,* 225 U.S.P.Q. 886, 887 (W.D.Okla.1985). In addition, the technical expertise provided by the reexamination proceeding will be helpful to the Court on any issues that remain. *See Gould,* 705 F.2d at 1342.

## III. PARTIES' POSITIONS

Defendants urge for a stay in the litigation because Premier has amended the claims multiple times and the claims in the resulting reexamined patents will be very different than those currently asserted. 2:07–cv–395, Dkt. No. 55 at 6. Defendants contend that the statements made during prosecution would affect the scope of the claims. *Id.* at 7 (citing *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.,*

849 F.2d 1430, 1439 (Fed.Cir.1988)). Defendants note that "[c]laims that have been amended or introduced during reexamination have no legal significance unless the PTO issues a reexamination certificate incorporating them." *Id.* at 8 (citing 37 C.F.R. § 1.530(k)). Defendants state that Premier would get "two bites at the apple" with the current claims and newly added claims in the reexamination. *Id.* Defendants assert that they are prejudiced because Plaintiff is utilizing the same counsel for this litigation and the reexaminations and "[a]rmed with Defendants' confidential technical information, Plaintiff's counsel could attempt to amend claims or make arguments in the reexaminations in such a way as to attempt to distinguish the prior art but cover Defendants' devices."[8] *Id.*

On the other hand, Defendants argue that a stay would not prejudice Plaintiff because Plaintiff does not compete with the Defendants and monetary damages would be sufficient to "make Plaintiff whole." 2:07–cv–395, Dkt. No. 55 at 9 (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S.Ct. 1837, 1842, 164 L.Ed.2d 641 (2006); *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed.Cir.1985); *Softview Computer Prods. v. Haworth, Inc.*, 2000 WL 1134471, at *3–*4, 2000 U.S. Dist. LEXIS 11274, at *10–*11 (S.D.N.Y. 2000)). Defendants state that discovery has not begun, which favors a stay. *Id.* at 10.

If there is a stay, Defendants argue that a stipulation should not be required. 2:07–cv–395, Dkt. No. 55 at 11 (citing *NTP, Inc. v. T–Mobile USA, Inc,* 2007 WL 3254796, at *3, 2007 U.S. Dist. LEXIS 82063, at *9 (E.D.Va. Nov. 2, 2007)). Defendants analogize the situation to *DDR Holdings, LLC v. Hotels.com, L.P.*, C.A. No. 2:06–cv–42, Dkt. No. 178 (E.D.Tex. Dec. 19, 2006), where a stipulation was not required, stating that while Premier did not initiate the reexamination, it has "invoked the reexamination *process* to its benefit to totally redraft its claims." 2:05–cv–395, Dkt. No. 55 at 11. Defendants provide, as an example, that Plaintiff "dumped" hundreds of references without comment, which the examiner acknowledged but only cursorily reviewed because of the absence of an accompanying description. *Id.* at 11–12 (citing Application/Control No. 90/008,361, Oct. 3, 2007 Office Action at 2–3, 2:05–cv–395, Dkt. No. 55, Exh. A). Defendants argue that because of this, the Court should not impose a stipulation like that provided in *Antor Media Corp. v. Nokia, Inc. ("Antor II")*, C.A. No. 2:05–cv–186, Dkt. No. 410 (E.D.Tex. Sept. 27, 2006)[9] because Defendants would be precluded from presenting any of the references before the PTO, even those that have not been considered by the examiner. *Id.* at 11–12. Defendants further note that unlike in *Antor II* and *DataTreasury Corp. v. Wells Fargo & Co.*, C.A. No. 2:05–cv–291, Dkt. No. 98 (E.D.Tex. Jan. 10, 2007), none of the defendants in this cause of action were involved in requesting the reexamination.[10]

**8.** Defendants note that this is possible because a protective order generally prevents the same counsel from serving as litigation counsel and reexamination counsel. Defendants state that such a protective order existed in the Apple Litigation but question "how Plaintiff's counsel can be in compliance with that protective order" absent a non-public agreement in the settlement. 2:07–cv–395, Dkt. No. 55 n.16.

**9.** In *Antor II*, Defendants were required to the following stipulation: "The parties agree that the stay will be granted only on condition [an individual defendant] agrees not to challenge the '961 patent based on any prior art printed publications that were considered in the reexamination process." *Antor II*, 2:05–vc–186, Dkt. No. 410 at 10.

**10.** The arguments by the Defendants in 2:07–cv–396 are addressed above because the same motion is filed concurrently in both actions.

*Id.* at 12. Some of the Defendants would be willing to make the same stipulation[11] as in *DataTreasury Corp. v. Wells Fargo & Co.,* C.A. No. 2:05–cv–291.[12] 2:05–cv–395, Dkt. No. 57; 2:05–cv–396, Dkt. No. 141.

Premier responds[13] that in the event the Court grants the stay, Defendants should not only be required to adopt the *Antor II* stipulation, but also should be "required to stipulate that they will not file or cause to be filed any request for reexamination of any of the patents-in-suit after a limited time period, to prevent Defendants from extending the length of reexamination proceedings indefinitely." 2:05–cv–395, Dkt. No. 72 at 2. Premier indicates that a stay would unduly prejudice Premier because "Defendants will likely be encouraged to file additional reexamination requests and seek to join any resulting reexamination proceedings with the presently pending reexamination proceedings." *Id.* at 4. As an example, Premier states that Yahoo!'s reexamination filing "relies on four printed publications, three of which are already before the PTO in the reexamination proceedings initiated by Apple, and the fourth of which is a short magazine article merely cumulative to the references already of record." *Id.* at 5. Premier argues that Defendants' strategy of serial reexaminations delay's Premier's ability to potential-

ly seek injunctive relief or for unforeseeable prejudices to occur, citing defendant's attempts in the *DataTreasury* cases to lobby Congress for immunity against patent lawsuits. *Id.* at 5–6.

Premier also disputes whether the reexamination proceedings would aid the Court, citing the different standards in the PTO and the courts. 2:05–cv–395, Dkt. No. 72 at 6. Premier states that the "PTO gives claims their broadest reasonable interpretation that is consistent with the specification" while the "District Courts interpret claims in accordance with claim construction principles established by case law." *Id.* at 6–7 (citing *SRAM Corp. v. AD–II Eng'g, Inc.,* 465 F.3d 1351, 1357 (Fed.Cir.2006); *Phillips v. AWH Corp.,* 415 F.3d 1303, 1312–24 (Fed.Cir.2005) (en banc)). Premier avers that this case is an "extension of the previous Apple litigation" which had already issued a *Markman* order, and is thus "far more mature than it would appear on the surface." *Id.* at 7.

Premier contests Defendants' characterization that it would get "two bites at the apple," first, noting that Premier never requested a reexamination,[14] and second, stating that this phrase was actually used in *DataTreasury* and *Antor II* to refer to "two opportunities for defendants to raise

---

*See* 2:07–cv–396, Dkt. No. 135 at 2 n.1; 2:07–cv–395, Dkt. No. 55 at 2 n.1.

**11.** The stipulation states: "As a condition of the stay, Defendant may not argue invalidity at trial based on one or more prior art printed publications that were submitted by the petitioner in the reexamination proceedings. However, Defendant will be permitted to rely for obviousness on the combination of printed publication reference that was submitted by petitioner in the reexamination with prior art that was not so submitted."

**12.** This is the same "less restrictive" stipulation provided in *DataTreasury Corp. v. Wells Fargo & Co.,* C.A. No. 2:06–cv–72, Dkt. No. 411 (E.D.Tex. Jan. 12, 2007).

**13.** As all Defendants filed the same motion in both cases, Premier likewise files the same response to both original and supplemental motions in both cases. 2:05–cv–395, Dkt. No. 72 at 1 n.1; 2:05–cv396, Dkt. No. 178 at 1 n.1.

**14.** In response to Defendants' accusations of a prosecution bar, Premier notes that the protective order in the Apple litigation allows Premier's counsel to participate in the prosecution of Premier's patent portfolio. 2:07–cv–395, Dkt. No. 72 at 7 n.5 (citing Second Amended Confidentiality Stipulation and Protective Order, *Premier Int'l Assocs., LLC v. Apple Computer, Inc.,* C.A. No. 2:05–cv–506, Dkt. No. 161 ¶ 28(a) (E.D.Tex. Sept. 11, 2007)).

the same prior art references to challenge the validity of the patents-in-suit." 2:05–cv–395, Dkt. No. 72 at 8 (citing *Datatreasury Corp. v. Wells Fargo & Co.,* 490 F.Supp.2d 749, 755 (E.D.Tex.2006)). Premier states that Defendants then have the opportunity "to view the outcome of the reexaminations and adjust their validity arguments, with this Court, accordingly." *Id.* Premier argues that this Court had required defendants in *Antor II* and *Data-Treasury* to agree to a stipulation and Defendants should further "be limited in their ability to string out the reexamination proceedings forever by serially filing successive reexamination requests." *Id.* at 9. Therefore, Premier requests that, should the Court grant a stay, the Defendants should be bound by the following stipulation.

> The parties agree that the stay will be granted only on condition [name of each Defendant] agrees not to challenge the '725 patent or the '345 patent on any prior art printed publications that were considered in the reexamination processes. Further, each said Defendant agrees that any reexamination request of the '725 patent or the '345 patent will be filed in the PTO no later than 90 days after entry of the Order.

*Id.* at 10.

Defendants reply that any amended or added claims may not be litigated and assert that completion of the reexamination will "aid the Court and parties in the claim construction process." 2:05–cv–395, Dkt. No. 73 at 3.[15] Defendants contend that they do not view the pending cases as an extension of the previous Apple litigation and note that the defendants in the present litigation were neither involved in the Apple litigation nor received any discovery. *Id.* at 4. Defendants argue that

this Court "has previously found that due process demands that Defendants be permitted to revisit claim construction." *Id.* (citing *Tex. Instruments, Inc. v. Linear Techs. Corp.,* 182 F.Supp.2d 580 (E.D.Tex. 2002)). Defendant states that Premier's accusation that Defendants will file serial reexaminations "lacks any basis in fact" and "Yahoo!'s request occurred only after the PTO refused to allow Yahoo! to step into Apple's position in the *inter partes* reexamination, and is in large part an effort to maintain and advance the existing *inter partes* reexamination now that Apple has settled with Premier." *Id.* at 4–5 (citing 37 C.F.R. § 1.989 (allowing merger of multiple *inter partes* reexaminations); 37 C.F.R. § 1.565(c) (allowing merger of multiple *ex parte* reexaminations)).

Regarding the stipulation, Defendants argue that the PTO has stated that it "did not substantively consider any but a handful of references ... [and] Defendants should not be precluded from relying on art that Premier dumped on the PTO during reexamination." 2:05–cv–395, Dkt. No. 73 at 5. Defendants contest Premier's proposed stipulation and aver that a limit on the filing of reexaminations would prejudice the Defendants, as "no party would remain to oppose Premier's patent in the *inter partes* reexamination should Yahoo! settle." *Id.* at 5–6.

Premier replies that Apple was the party that "produced to Premier, during the earlier Apple litigation, hundreds of references" which Premier disclosed "in order to avoid any charge of improper conduct." 2:05–cv–395, Dkt. No. 79 at 1. Premier argues that its offer to consider a stay with reasonable conditions "fails to demonstrate that a stay without those conditions will not cause prejudice." *Id.* at 2. Premier

---

**15.** Again the parties filed the same motion in the other cause of action. *See* 2:07–cv–396, Dkt. No. 181.

also contends that many of its amendments are minor that "would not give rise to any intervening rights." *Id.*

## IV. DISCUSSION

The parties present their competing motions voicing their concerns that the other side will take advantage of the reexamination process or stay. First, both sides contend that they should not be penalized for the reexaminations because the reexaminations at issue were initiated by Apple in a previous litigation and Apple has removed itself from the adversarial position in the *inter partes* reexamination. However, both sides have also shown significant involvement, as Premier has amended its claims three times during the process and Yahoo! has filed its own reexamination request, seeking to consolidate with the pending *inter partes* '345 reexam. In addition, the hundreds of references Premier is accused of dumping on the PTO are the same references produced by Apple. 2:05–cv–395, Dkt. No. 79 at 1. Second, both sides contend that the other side is seeking "two bites at the apple." Defendants argue that Premier is taking advantage of the reexamination process by adding new claims, amending old claims, and dumping references in the PTO while, if they were receive confidential information in discovery, they could amend the claims to cover Defendants' products in litigation. On the other hand, Premier argues that Defendants are taking advantage of the reexamination by viewing the arguments made by Premier at the PTO and adjusting their arguments in this Court, all while being able to use the same references already presented to the PTO.

All three *Soverain* factors weigh in favor of a stay; however, the Court determines that a stay should be counterbalanced with an appropriate stipulation so that neither side will be prejudiced by the other side getting "two bites at the apple."

The first factor, whether a stay would unduly prejudice or present a tactical disadvantage to Plaintiff, weighs in favor of grating the stay. Like in *DataTreasury*, by requiring Defendants to make a stipulation, Plaintiff is afforded the advantage of a reexamination and an estoppel effect. Moreover, Premier has already agreed that it would consider a stay if Defendants made a stipulation that would not cause prejudice.

The second factor, whether a stay would simplify the issues in this case, also supports granting the stay. As noted by Defendants, Premier has amended 196 of the 210 issued claims in three separate amendments. *See* 2:07–cv–395, Dkt. No. 73. Regardless of the scope or substance of the amendments, the fact that Premier has filed several amendments and that the PTO has issued an Office Action rejecting all 210 claims in both patents indicates that there is a large amount of uncertainty regarding the scope of the claims. In order to conserve both the parties' and judicial resources, this factor weighs in favor of a stay.

Regarding the third factor, whether discovery is complete and whether a trial date has been set, the Court finds this factor weighs in favor of a stay. The scheduling conference was recently held, no discovery has been initiated, and this case was set for a jury trial in March of 2010 with a claim construction set for April of 2009. Therefore, since this case is in its infancy, this factor weighs in favor of a stay.

The Court recognizes that Defendants could take advantage of the stay by filing multiple serial reexaminations. Further, though neither party initiated the reexamination, both parties have attempted to take advantage of the process, with Yahoo! in particular becoming involved in the pro-

cess. In addition, though Premier is accused of "dumping" references in the PTO, the Court recognizes that it had a duty to produce references that it received from Apple. The Court also recognizes that, while Premier did not initiate the reexamination, it did initiate the currently pending litigation knowing that its patents were undergoing a reexamination process. Taking all these factors into consideration, the Court determines that a stipulation would be appropriate so that neither side would get "two bites at the apple."

## V. CONCLUSION

For all of these reasons, the Defendants' motions (2:07–cv–395, Dkt. Nos. 55 & 57; 2:07–cv–396, Dkt. Nos. 135 & 141) are hereby **GRANTED AS MODIFIED.**

It is further **ORDERED** that within **fourteen (14) days,** Defendants shall either (1) file with the Court a signed copy of the following stipulation, or (2) notify the Court in writing of their decision not to sign the following stipulation:

> As a condition of the stay, Defendant may not argue invalidity at trial based on one or more prior art printed publications that were submitted by Yahoo! or those provided by Apple, either to the PTO directly or to Premier during the Apple litigation, in the reexamination proceedings, as well as, those prior art printed publications submitted in any newly requested reexamination process. However, Defendant will be permitted to rely for obviousness on the combination of printed publication references that were submitted by petitioner in the reexamination with prior art that was not so submitted. Any Defendant seeking a request for reexamination must do so within ninety (90) days of filing its stipulation.

It is further **ORDERED** that as to each Defendant entering into the stipulation, a stay of all proceedings shall ensue.

It is so **ORDERED.**