**Gordon GOULD, Refac International, Ltd., and Patlex Corporation, Appellants,**

v.

**CONTROL LASER CORPORATION and Holobeam Corporation, Appellees.**

Appeal No. 83–794.

United States Court of Appeals, Federal Circuit.

April 27, 1983.

Steven D. Merryday, Tampa, Fla., for appellants.

Edward M. Posner, Philadelphia, Pa., for appellees; Stewart Dalzell, Sarah M. Thompson, Philadelphia, Pa., and Robert W. Duckworth, Orlando, Fla., of counsel.

Before MARKEY, Chief Judge, and MILLER and SMITH, Circuit Judges.

## ORDER

MARKEY, Chief Judge.

Having considered the submissions of the parties, IT IS ORDERED THAT:

Appellees' Motion to Dismiss is granted and the appeal is dismissed for lack of jurisdiction.

Appellants appealed from a February 3, 1983 order of the United States District Court for the Middle District of Florida staying proceedings before it until conclusion of a reexamination by the Patent and Trademark Office (PTO) of appellants' U.S. Patent No. 4,053,845. Appellees have moved for dismissal for lack of jurisdiction, asserting that the order for stay is not a "final" decision and is not therefore reviewable by this court.

An appeal of a stay order, like a mandamus petition (the high standards for which the appellants cannot meet), seeks interference by an appellate court with management of proceedings entrusted to the district court. Congress, in limiting appeals to "final" decisions, 28 U.S.C. § 1291, *as amended by* Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 124, 96 Stat. 25, 36 (1982) (Act), has sought to avoid such interference and the resultant "enfeebling" of judicial administration. *Cobbledick v. United States,* 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940). The same limitation applies to appeals to this court. 28 U.S.C. § 1295, added by § 127 of the Act. Stay orders should not

ordinarily be viewed, therefore, as "final" and thus within the jurisdiction of an appellate court.

An exception has been recognized. A stay may be an appealable "final" decision, and thus within the jurisdiction of an appellate court, when it effectively puts the parties out of the district court, either permanently because it terminates the action as a practical matter, or, as some courts have held, for a protracted or indefinite period. *See Hines v. D'Artois,* 531 F.2d 726, 730 (5th Cir.1976). A court has noted that because district courts have broad discretionary powers to control their dockets, stays will not be vacated unless they are "immoderate or of an indefinite duration." *See McKnight v. Blanchard,* 667 F.2d 477, 479 (5th Cir.1982) (stay extending for seven years or longer is an abuse of discretion). The "effectively out of court" standard was applied by the Supreme Court in holding "final" a denial of a motion for impaneling of a three-judge court in *Idlewild Liquor Corp. v. Epstein,* 370 U.S. 713, 715, n. 2, 82 S.Ct. 1294, 1296, n. 2, 8 L.Ed.2d 794 (1962), and a grant of a stay pending resolution in state court of the sole issue before the federal court in *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* —— U.S. ——, 103 S.Ct. 927, 933–934, 74 L.Ed.2d 765 (1983). That standard will be applied in consideration of orders for stay appealed to this court.

The present stay is not for such a protracted or indefinite period as to render its issuance an abuse of discretion. "[R]eexamination proceedings ... including any appeal to the Board of Appeals, will be conducted with special dispatch...." 35 U.S.C. § 305 (Supp. V 1981). Assuming the PTO decision on reexamination is adverse to the patent holder and may therefore be appealed to this court, the stay would not be for a protracted or indefinite period of sufficient length to render its issuance a "final" decision.

Like *Cone Memorial Hospital,* appellants would appear to be effectively out of court with respect to claims canceled by the PTO. However, unlike the situation in *Cone Me-*

*morial Hospital,* stays to enable reexamination do not foreclose review on the merits by a federal court. District court and PTO decisions on the merits are both reviewable by this court.

The present stay has thus not terminated the action but has merely shifted to the PTO an issue (patent claim validity) involved in the dispute before the district court. One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding). Early versions of what became the reexamination statute, 35 U.S.C. §§ 301–307 (Supp. V 1981), expressly provided for a stay of court proceedings during reexamination. S. 1679, 96th Cong., 1st Sess. § 310 (1979); H.R. 5075, 96th Cong., 1st Sess. § 310 (1979); S. 2446, 96th Cong., 2d Sess. § 310 (1980). An express provision was deemed unnecessary, however, as explained in the House report:

> The bill does not provide for a stay of court proceedings. It is believed by the committee that *stay provisions are unnecessary in that such power already resides with the Court* to prevent costly pretrial maneuvering which attempts to *circum-*

*vent* the reexamination procedure. It is anticipated that these measures provide a useful and necessary *alternative* for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner. (emphasis added).

H.R.Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4 (1980), U.S.Code Cong. & Admin. News 1980, pp. 6460, 6463.

When a district court stays patent validity proceedings before it until completion of a reexamination proceeding, that stay must be accepted if the purpose of the reexamination statute is to be preserved.

Gould also seeks review of "the District Court's prior adverse orders, including, without limitation, orders of May 14, 1979, and September 10, 1979 . . . ." Those prior orders were the subject of Appeal No. 83–610, which was dismissed by this court's February 22, 1983 Order and is binding on the present parties.