**BAUSCH & LOMB INCORPORATED,**
Plaintiff,

v.

**ALCON LABORATORIES,**
**INC., Defendant.**

**ALCON LABORATORIES, INC.,**
Counter–Claimant,

v.

**BAUSCH & LOMB INCORPORATED,**
Counter–Defendant.

No. 94–CV–6534L.

United States District Court,
W.D. New York.

Feb. 13, 1996.

Denis A. Polyn, Jill K. Schultz, Bausch & Lomb, Incorporated, Rochester, NY, Robert L. Baechtold and Scott K. Reed, Fitzpatrick, Cella, Harper & Scinto, New York City, for Bausch & Lomb Incorporated.

William L. Dorr, Harris, Beach & Wilcox, Rochester, NY, W. Edward Bailey, A. Peter Adler and Elizabeth Schuler, Fish & Neave, New York City, for Alcon Laboratories, Inc.

## DECISION AND ORDER

LARIMER, Chief Judge.

This patent infringement action was initiated on October 19, 1994. Plaintiff Bausch &

Lomb Incorporated ("B & L") asserts that defendant Alcon Laboratories, Inc. ("Alcon") is infringing on B & L's '607 patent, which is for a chemical process that simultaneously cleans and disinfects contact lenses. Alcon has counterclaimed for misappropriation, unfair competition, and a declaration that the '607 patent is invalid, unenforceable and not infringed. Fact discovery is complete and expert discovery is scheduled to be completed by April 17, 1996. Trial is set for September 9, 1996.

Presently before me is Alcon's motion to stay the trial. Three reasons are given in support of the motion: (1) an "interference" proceeding was initiated by the Patent and Trademark Office ("PTO") on 11/2/95; (2) a "reexamination" proceeding was initiated by the PTO on 12/5/95; and (3) in September 1994, the PTO rejected all claims contained in a separate B & L "continuation application" (the '809 application), which contained claims similar to if not identical to some of the patent technology at issue in this case.

■ Since Alcon filed its motion, the Administrative Law Judge overseeing the interference issued an order staying the interference pending completion of this litigation and the pending reexamination proceeding. Thus, the bases for Alcon's motion are now reduced to two: the reexamination and the PTO rejection of B & L's '809 application. Alcon asserts that these two matters by themselves constitute sufficient and compelling reasons to stay the trial. I agree.

■ A reexamination proceeding is an administrative proceeding conducted by PTO for the purpose of determining the validity of an existing patent. *See* 35 U.S.C. § 301, *et seq.* A reexamination can be requested by any person at any time upon showing the existence of "prior art," "consisting of patents or printed publications which that person believes to have a bearing on the patentability of any claim of a particular patent." 35 U.S.C. §§ 301, 302.

In this case, the reexamination was requested by Allergan in September 1995. Allergan is not a party to this case but a competitor to B & L. The PTO found a "substantial new question of patentability" regarding B & L's '607 patent and on December 5, 1995 granted Allergan's request for reexamination. *See Id.* at § 304. Accordingly, the reexamination is already underway. And, by statute, the reexamination proceeding is to be "conducted with special dispatch within the Office." *Id.* at § 305.

When the entire reexamination process is complete (and appeal time expired or appeals exhausted)[1], the Commissioner will issue an order that either affirms the validity of the patent, cancels the patent, or modifies the patent. *Id.* at § 307.

■ In the trial currently scheduled before it, this Court too has been asked to determine the validity of the '607 patent, as well as other matters contingent on its validity. However, a finding by this Court that the '607 patent is not invalid will not bind the PTO, because each forum applies a different standard of proof and can consider different evidence. *See Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1428–29 (Fed.Cir.1988); and Manual of Patent Examining Procedures ("MPEP") § 2286. Similarly a PTO determination of patent validity is not binding on this Court. *See Ethicon, supra,* at 1428. Thus, it is possible that this Court and the PTO could reach inconsistent conclusions regarding the same patent. *Id.*

Alcon asserts that this Court should stay the trial pending outcome of the reexamination because not doing so would be a waste of resources and also pose a significant risk to Alcon. Not only could the Court and the PTO reach conflicting determinations, but one possible scenario could result in irreparable harm to Alcon: if this Court finds that the '607 is not invalid and that Alcon has infringed it, and orders Alcon to pay damages to B & L for such infringement, then Alcon would have no ability to recover those damages if at a later date the PTO determined that the '607 patent is invalid.

B & L opposes the motion for a stay. B & L asserts that because of the advanced stage of this litigation waiting for the final outcome

---

**1.** Only the patent holder can appeal an adverse    determination. 35 U.S.C. § 306.

of the reexamination proceedings would be unfair.

A court's decision whether to stay is discretionary. The legislative history of the reexamination statute itself (35 U.S.C. § 301 et seq.) provides support for a stay. Early versions of what became the statute expressly provided for a stay of court proceedings during reexamination. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed.Cir.), cert. denied, 464 U.S. 935, 104 S.Ct. 343, 78 L.Ed.2d 310 (1983). The final version did not, but, as explained in the House report:

> The bill does not provide for a stay of court proceedings. It is believed by the committee that stay provisions are unnecessary in that such power already resides with the Court to prevent costly pretrial maneuvering which attempts to circumvent the reexamination procedure. It is anticipated that these measures provide a useful and necessary alternative for challengers and for patent owners to test the validity of ... patents in an efficient and relatively inexpensive manner. H.R.Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4 (1980), *cited in Gould, supra.*

Because, the PTO is considered to have expertise in deciding issues of patentability many courts have preferred to postpone making final decisions on infringement until the PTO rules on issues before it. *See, e.g., Brown v. Shimano American*, 18 U.S.P.Q.2d 1496, 1991 WL 133586 (C.D.Cal.1991); *Grayling Indus. v. GPAC, Inc.*, 19 U.S.P.Q.2d 1872, 1991 WL 236196 (N.D.Ga. 1991); *Emhart Indus. v. Sankyo Seiki Mfg.*, 3 U.S.P.Q.2d 1889, 1987 WL 6314 (N.D.Ill. 1987).

In this case, staying the trial for a period of time is appropriate. Since the time this action was commenced there has been a flurry of activity at the PTO, all or some of which appears to implicate the validity of the '607 patent. The reexamination procedure currently underway could eventually invalidate the '607 patent. Similarly, if the '607 patent survives reexamination, such a determination will be admissible and of some assistance to this court. *See Gould, supra*, at 1342 ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is cancelled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination)"); *see also Grayling, supra*, at 1874, 1991 WL 236196.

If this Court were to deny the stay and proceed to trial, it is possible that the time, resources, and significant efforts of all those involved in such a trial would be wasted. Because a finding by this Court that the '607 patent is not invalid would not bind the PTO, the PTO could reach the opposite conclusion at any time thereafter. Not only would such a scenario cause Alcon significant harm (as noted above) but it also would be a tremendous waste of the time and resources of all those involved in a trial before me. Such an outcome is unacceptable. Because the reexamination is to be conducted "with special dispatch" (35 U.S.C. § 305), I find that a short stay of the proceedings before me will not greatly prejudice any party and will serve to promote judicial economy.

Accordingly, I hereby GRANT Alcon's motion to stay. The Pretrial Order (docket # 90) is hereby vacated and the parties are directed to appear before me at 11:00 am on June 27, 1996 for a conference, at which time I will determine whether this stay should remain in effect or whether a new trial date should be set.

I also direct the parties to contact United States District Judge Michael A. Telesca to arrange a settlement conference with him during April 1996, as his schedule permits. It is expected that the parties will have exchanged settlement proposals (Alcon to submit its offer first) prior to conferring with Judge Telesca.

IT IS SO ORDERED.