**AGAR CORPORATION INC.,**

v.

**MULTI–FLUID, INC.**

Civ. No. 95–5105.

United States District Court,
S.D. Texas,
Houston Division.

July 30, 1997.

Richard Theodore Redano, Rosenblatt & Associates, Houston, TX, Edward W. Goldstein, Tobor & Goldstein, Houston, TX, for Agar Corp. Inc.

Kent Arlan Rowald, Vaden Eickenroht & Thompson, LLP, Houston, TX, John R. Feather, Houston, TX, Thomas S. Birney, Dorr, Carson, Sloan & Birney, Denver, CO, for Multi–Fluids, Inc.

Kent Arlan Rowald, Vaden Eickenroht & Thompson, LLP, Houston, TX, Thomas S. Birney, Dorr, Carson, Sloan & Birney, Denver, CO, for HITEC, Scott Gaisford.

Kent Arlan Rowald, Vaden Eickenroht & Thompson, LLP, Houston, TX, for Multi–Fluid Intern.

## ORDER

HITTNER, District Judge.

Pending before the Court is the Motion to Stay Pending Reexamination (Document # 61) filed by Defendant. After considering the motion, submissions, and applicable law, the Court determines that the motion should be denied.

Plaintiff filed its Complaint pursuant to 35 U.S.C. § 271, alleging that Defendant has infringed, and continues to infringe, patents 4,774,680 ("the '680 patent"); 5,101,367 ("the '367 patent"); 5,263,363 ("the '363 patent"); and 5,551,305 ("the '305 patent") by making, selling, offering for sale, and using devices embodying inventions covered by Plaintiff's patents. Plaintiff also alleges that Defendant acted with actual knowledge of Plaintiff's inventions and of Plaintiff's patents prior to commencing its acts of infringement. Plaintiff further alleges that Defendant induced others to infringe Plaintiff's patents.

Subsequently, Defendant requested that the Patent Office reexamine the '680, '367, and '363 patents and filed this Motion to Stay Pending Reexamination. In its Motion to Stay, Defendant contended that the claims of each of the patents might be canceled or otherwise affected by the reexamination proceedings, and that this would likely result in dismissal of or otherwise affect this litigation.

■ The Patent Office refused the Requests for Reexamination on all of the patents except the '680 patent. With respect to the '680 patent, the Patent Office concluded that certain references of prior art cited by Defendant were not considered in the patent's previous prosecution. Accordingly, the Patent Office determined that the examiner might have been prevented from making a rejection based on the obviousness of the method or apparatus. The above references to prior art were also cited in Defendant's Requests for Reexamination on the '367, '363, and '303 patents. However, the Patent Office declared there to be no "substantial new question of patentability" for those patents. With this procedural history as a background, the Court now considers Defendant's Motion to Stay.

■ In determining whether to grant a Motion to Stay Pending Reexamination, the district court has considerable latitude. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed.Cir.1983), *cert. denied*, 464 U.S. 935, 104 S.Ct. 343, 78 L.Ed.2d 310 (1983). The district court will, in exercising its discretion, consider a number of factors, including: (1) the technical expertise of the Patent Office; (2) the probable effect on the litigation that granting a stay would have; and (3) the stage of the litigation at which the motion was filed.

■ The expertise of the Patent Office is an important factor for the district court to consider in determining whether to stay its proceedings. *See GPAC, Inc. v. D.W.W. Enterprises, Inc.*, 144 F.R.D. 60, 23 U.S.P.Q.2d 1129, 1132 (D.N.J.1992). Usually, a court will grant a stay when the Patent Office is perceived as the institution best able to assess the validity of the patent in view of the prior art. *See Ethicon, Inc. v. Quigg*, 849

F.2d 1422, 1427 (Fed.Cir.1988). However, a court will be inclined to proceed to trial when it already has the benefit of a technical evaluation from the Patent Office arising out of a prior reexamination. *Rosenthal Mfg. Co. v. Thermal Equip., Inc.*, No. 85–2630–S, 1988 WL 383034, at *1 (D.Kan. Oct.12, 1988).

In this case, the '680 patent involves technical claims which might be better suited for examination by the Patent Office. However, this Court has the benefit of a technical evaluation from the Patent Office arising out of a prior reexamination of the '680 patent. The Patent Office reexamined the '680 patent and found it to be valid. *See* Reexamination Certificate B1 4,774,680 ("the reexamined '680 patent"). Although there may be some duplication of effort by the Court in assessing the validity of the patent with respect to the current Patent Office proceeding, this fact is of less concern when the Patent Office is conducting a second reexamination and the case is in the late stages of litigation. *See Rosenthal*, 1988 WL 383034 at *1.

■ This Court's next consideration is the effect a stay pending reexamination would have on the litigation as a whole. If a stay would more likely than not delay the district court proceedings without any countervailing benefit, the court should proceed with the merits of the case without the benefit of the Patent Office reexamination. *See, e.g., Toro Co. v. L.R. Nelson Corp.*, 223 U.S.P.Q. 636, 638, 1984 WL 1244 (C.D.Ill.1984).

Here, the Court has a definite concern about the delay that may result from a stay. Only the '680 patent has been granted a reexamination by the Patent Office. The requests for reexamination for the Plaintiff's other patents were refused by the Patent Office. Should the '680 patent be found invalid by the Patent Office's reexamination, the remaining claims of patent infringement might not be affected. This is particularly true when the Court considers that the Patent Office's basis for reexamining the '680 patent was an absence of certain references in the '680's prosecution history. Because those references were considered by the Patent Office in allowing Plaintiff's remaining patents, the reexamination of the '680 patent

likely will not produce results that would affect the remaining patent infringement claims. Additionally, Plaintiff's unfair competition claim would not be affected by the reexamination.

In considering the stage of the litigation at which the motion to stay is requested, the earlier the motion is filed, the more the court will be inclined to suspend its proceedings and await the results of the reexamination proceeding. *See Purolite Int'l Ltd. v. Rohm and Haas Co.*, 24 U.S.P.Q.2d 1857, 1858, 1992 WL 142018 (E.D.Pa.1992). However, courts are inclined to deny a stay when the litigation is at a later stage, such as when the case has been set for trial and the discovery phase has almost been completed. *Enprotech v. Autotech Corp.*, 15 U.S.P.Q.2d 1319, 1320, 1990 WL 37217 (N.D.Ill.1990). This case has been pending for approximately one year and nine months. It is set for trial in the Spring of 1998. Although the discovery stage has not yet been completed, it has also not just begun. Thus, this case could be considered to be in its later stages of litigation, and granting a stay to allow the Defendant to await a reexamination would not be justified.

This Court concludes that a stay is not warranted here where the expertise of the Patent Office is not required, there is no countervailing benefit of staying the litigation pending reexamination by the Patent Office, discovery is well underway, and a trial date is set for Spring 1998. Accordingly, the Court

ORDERS that the Motion to Stay Pending Reexamination (Document # 61) is DENIED.