Vitronics Corp. v. Conceptronic, Inc. CV-91-696-JD  09/22/97  P
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Vitronics Corporation

    v.                                   Civil No. 91-696-JD

Conceptronic, Inc.


O R D E R


The plaintiff, Vitronics Corporation, brings this action against the defendant, Conceptronic, Inc., for infringement of its U.S. Patent No. 4,654,502 ("the '502 patent").  Before the court is the defendant's motion to stay this action pending the resolution of a reexamination of the '502 patent (document no. 230).


Background[1]

This patent infringement action stems from allegations that the defendant infringed the '502 patent, which the defendant had assigned to the plaintiff.  The case was tried in the district court and on August 18, 1995, the jury returned a verdict for the

_____

[1]The facts relevant to the instant motion are not in dispute.  The court assumes a familiarity with the factual and procedural background of the case described more fully in Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576 (Fed. Cir. 1996), and this court's July 21, 1992, order.  Therefore, the court will recite only those facts relevant to the resolution of the instant motion.

defendant. The plaintiff appealed, and on July 25, 1996, the Court of Appeals for the Federal Circuit ("CAFC") reversed the district court and remanded the case for trial. See Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576 (Fed. Cir. 1996). On July 29, 1996, the defendant filed, and the Patent and Trademark office ("PTO") granted, a request for reexamination of the '502 patent. During the reexamination, the PTO rejected claims 1 through 5, and 16, of the '502 patent. See Defendant's Mem. in Supp. of its Mot. To Stay Pending Resolution of a Reexamination Proceeding by the U.S. Patent and Trademark Office ("Motion to Stay"), Ex. B, at 2-4. The plaintiff has declared its intention to file a response with the PTO challenging the rejection, and to further appeal the rejection, if necessary, to the CAFC. See Mem. in Supp. of Pl.'s Objections to Def.'s Mot. to Stay Pending Resolution of a Reexamination Proceeding by the U.S. Patent and Trademark Office ("Pl.'s Obj."), at 3. The defendant argues that this case should be stayed until the reexamination process is complete.

## Discussion

The grant of a stay pending the conclusion of a reexamination proceeding in the PTO is entirely within the court's discretion. See Ethicon, Inc. v. Quigg, 849 F.2d 1422,

2

1426-27 (Fed. Cir. 1988); Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983). In deference to a district court's broad discretionary power to control its docket, "stays will not be vacated unless they are 'immoderate or of an indefinite duration.'" Id. (quoting McKnight v. Blanchard, 667 F.2d 477, 479 (5th Cir. 1982)). However, "reexamination proceedings . . . including any appeal . . . will be conducted with special dispatch . . . ." 35 U.S.C.A. § 305 (West Supp. 1997).

35 U.S.C. § 302 authorizes any person to request a reexamination by the PTO of any claim of a patent.[2] See 35 U.S.C.A. § 302 (West 1984). The requesting party need not have standing or a special interest in the patent's validity, and may even make the request for reexamination anonymously. See 4 Donald S. Chisum, Chisum on Patents § 11.07[4][b][I], at 11-394

---

[2]Section 302 provides, in pertinent part:

Any person at any time may file a request for reexamination by the [PTO] of a patent on the basis of any prior art cited under the provisions of section 301 of this title.

35 U.S.C.A. § 302 (West 1984). In turn, § 301 states:

Any person at any time may cite to the [PTO] in writing prior art consisting of patents or printed publications which that person believes to have a bearing on the patentability of any claim of a particular patent.

Id. § 301.

to 11-395 (Release 61, Mar. 1997) (citing Patent and Trademark Office Manual of Patent Examining Procedure § 2212 (6th Ed. 1995) ("There are no persons who are excluded from being able to seek reexamination.")).

Assignor estoppel is "an equitable doctrine that prevents one who has assigned the rights to a patent (or a patent application) from later contending that what was assigned is a nullity." <u>Diamond Scientific Co. v. Ambico Inc.</u>, 848 F.2d 1220, 1224 (Fed. Cir. 1988). Assignor estoppel is premised on the principle of fair dealing, which maintains that "the assignor should not be able to sell something and later to assert that what was sold is worthless, all to the detriment of the assignee." <u>Id.</u> In cases implicating assignor estoppel the court is primarily concerned with balancing fairness and equity between the parties. <u>See</u> <u>id.</u> at 1225.

In this case, the plaintiff, the assignee of the '502 patent, argues that the defendant-assignor is barred under the assignor estoppel doctrine from raising the PTO's reexamination result against it and therefore the stay should not be granted.[3]

---

[3]The plaintiff makes two additional arguments. First, the plaintiff opposes reexamination on the related ground that this court's previous ruling preventing the defendant from challenging the validity of '502 patent barred the defendant from seeking reexamination. <u>See</u> Pl.'s Obj., at 6. The court's order was not directed at reexamination, however, and only established that

4

The defendant responds that this equitable doctrine does not extend to the statutory provisions of § 302 which allow anyone to request reexamination of a patent. Because the PTO may clarify or entirely invalidate the '502 patent on reexamination, a stay is appropriate so that the scope of the patent will be defined prior to litigating the infringment claim.

The defendant relies primarily on Total Containment, Inc. v. Environ Products, Inc., 34 U.S.P.Q.2d 1254 (E.D. Pa. 1995). In Total Containment, the district court was faced with the issue of whether the doctrine of assignor estoppel bars a party from seeking reexamination of a patent. See id. at 1254. The court reasoned that because the doctrine of assignor estoppel is an equitable doctrine and the reexamination provisions are statutory mandates, the conflict between the two should be resolved in favor of the statute and the motion to stay pending the reexamination outcome should be granted. See id. at 1255, 1256. Although one other court that has considered a similar question

assignor estoppel barred the defendant from directly contesting the validity of the patent in this litigation. Second, the plaintiff objects to the defendant's motion on the ground that it was filed five and a half years after the commencement of the action. Although the duration of the proceedings is a factor the court may consider, it does not preclude the grant of a stay in appropriate circumstances. See Gould, 705 F.2d at 1341; United Sweetener USA, Inc. v. Nutrasweet Co., 766 F. Supp. 212, 218 (D. Del. 1991).

reached a contrary result, see American Fence Co. v. MRM Sec.
Sys., Inc., 710 F. Supp. 37, 42 (D. Conn. 1989) (denying motion
to stay on the ground that, even if patent were to be invalidated
on reexamination, defendants would be barred by assignor estoppel
from asserting this finding as a defense to infringement action),
the court finds the reasoning of Total Containment to be
persuasive.

The statutory language of § 302 places no restrictions on
who may seek reexamination. See 35 U.S.C.A. § 302. This legal
mandate supersedes contrary equitable principles. See Total
Containment, 34 U.S.P.Q.2d at 1255-56 ("Courts are bound to
follow express statutory commands under the fundamental principle
that equity follows the law."). The plaintiff's argument that
assignor estoppel should bar the defendant from asserting an
unfavorable reexamination result against it is premature because
the reexamination process and the appeals that follow are
currently ongoing. The reexamination process could more
precisely define the scope of claim 1, or it could leave claim 1
unchanged. Because determining the scope of the disputed claim
is central to the resolution of this case, it would be
inefficient for the court to expend time and resources engaging
in claim interpretation while the scope of the claim is still
under review at the PTO. See Gould, 705 F.2d at 1342; Hewlett-

6

Packard Co. v. Acuson Corp., No. C-93-0808 MHP, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993).

The plaintiff also argues that the case should not be stayed pending the outcome of the reexamination proceeding because the defendant has also infringed claim 13 of the '502 patent, which the PTO has confirmed as valid after the initial stage of the reexamination proceeding. This argument is inapposite. Claim 13 has not been part of this litigation. Discovery has been limited only to claim 1 of the '502 patent and the plaintiff has not moved to amend its complaint. The court will not allow the litigation to proceed in a new direction at this juncture, particularly when the fate of claim 1 is uncertain.

For these reasons, the court determines that a stay in this case is appropriate because the probability exists that unnecessary litigation may be avoided and the issues remaining in the case simplified. The additional delay that the stay is likely to impose does not outweigh the benefit of having the patent interpretation issues fully resolved so that the case may be finally disposed of in a more efficient manner.

## Conclusion

Based on the forgoing, the defendant's motion to stay (document no. 230) is granted pending completion of the

reexamination proceedings and any appeals in connection therewith. The case will be administratively closed, subject to being reopened upon motion of either party.

SO ORDERED.

                                        _____
                                        Joseph A. DiClerico, Jr.
                                        Chief Judge

September 22, 1997

cc:  Michael Lenehan, Esquire
     Martin B. Pavane, Esquire
     Paul J. Hayes, Esquire
     Gerge R. Moore, Esquire