**HABASIT BELTING INCORPORATED, Plaintiff–Appellant,**

v.

**REXNORD INDUSTRIES, INC. and Rexnord Corporation, Defendants–Cross Appellants.**

No. 06–1048, 06–1107.

United States Court of Appeals, Federal Circuit.

Jan. 9, 2006.

Before MICHEL, Chief Judge, NEWMAN and BRYSON, Circuit Judges.

## ON MOTION

BRYSON, Circuit Judge.

### ORDER

Rexnord Industries, Inc. et al. (Rexnord) move to dismiss Habasit Belting Incorporated's appeal, 06–1048. Habasit opposes. Rexnord replies. We consider whether we should dismiss Rexnord's appeal, 06–1107.

Habasit brought suit against Rexnord in the United States District Court for the District of Delaware alleging infringement. *Habasit Belting, Inc. v. Rexnord Indus., Inc.*, No. 03–CV–185. While the district court case was pending, Rexnord filed a request for inter partes reexamination with the Patent and Trademark Office (PTO). At Rexnord's request, the district court issued an order staying proceedings pending the outcome of the reexamination on September 22, 2005. Habasit appeals that order. Rexnord cross-appeals the district court's infringement ruling, but agrees that we should dismiss its cross-appeal if we dismiss Habasit's appeal.

Rexnord contends that the court should dismiss Habasit's appeal because the district court's order staying proceedings is not a final order. Rexnord cites *Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed. Cir.1983) for the proposition that an order staying district court proceedings pending reexamination by the PTO is not appealable. Rexnord argues that the stay order does not put Habasit "effectively out of court" within the meaning of *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) even if the claims are canceled in reexamination. In *Gould*, we stated that stays to enable reexamination do not foreclose review on the merits by a federal court because district court and PTO decisions are both reviewable by this court. *Gould*, 705 F.2d at 1342. Rexnord

also argues that the stay order is not a "collateral order" that is immediately appealable pursuant to *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

Habasit contends that the district court's stay order is a collateral order that effectively puts Habasit out of court. Habasit argues primarily that *Gould* is distinguishable because the reexamination in *Gould* was ex parte, unlike the inter partes reexamination involved in this appeal. However, Habasit does not sufficiently explain why that distinction makes a difference because the differences devolve to the detriment of Rexnord, not Habasit. Habasit also argues that the more applicable precedent is *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337 (Fed.Cir.1998).

In *Slip Track*, we determined that a district court order staying proceedings pending reexamination was appealable because in the circumstances of that case cancellation of the claims was likely and the plaintiff would have been foreclosed from litigating priority issues or introducing evidence concerning an anticipatory reference in the district court.

We conclude that the circumstances here are closer to *Gould* than to *Slip Track*. The district court's stay order does not put Habasit "effectively out of court" and thus we dismiss the appeals.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss 06–1048 is granted.

(2) 06–1107 is dismissed.

(3) Each side shall bear its own costs.