NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE CARL WAYNE STEWART,**
*Petitioner.*

---

Miscellaneous Docket No. 997

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in case no. 10-CV-3079.

---

**ON PETITION**

---

Before LOURIE, MOORE, and REYNA, *Circuit Judges.*

PER CURIAM.

## ORDER

Carl Wayne Stewart petitions for a writ of mandamus to direct the United States Court of Appeals for Veterans Claims to rule on his motion for en banc review.

On January 20, 2011, the Court of Appeals for Veterans Claims dismissed Stewart's appeal for lack of jurisdiction, concluding that Stewart's notice of appeal was untimely. Stewart then moved for reconsideration, or in the alternative, panel review, which the Court of Appeals for Veterans Claims denied on March 4, 2011. On March

18 2011, Stewart moved for en banc review, which is still pending. On June 24, 2011, the Court of Appeals for Veterans Claims stayed Stewart's appeal in light of *Henderson v. Shinseki*, 131 S. Ct. 1197 (2011). In that case, the Supreme Court held that the 120-day deadline for filing an appeal with the Court of Appeals for Veterans Claims does not have jurisdictional consequences and can be subject to equitable tolling. *Henderson* is currently before the Court of Appeals for Veterans Claims for consideration of the issue of equitable tolling, which is an issue that could also be relevant in Stewart's appeal.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

Based upon the papers submitted, Stewart has not met his burden of showing entitlement to a writ. A court has discretion to stay proceedings in exercising its inherent authority to control the disposition of its cases. *See Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (whether to stay an action is a matter of the trial court's discretion). The Court of Appeals for Veterans Claims provided a sufficient basis for granting the stay, concluding that its decision in *Henderson* will likely affect the outcome of Stewart's appeal. Additionally, the present stay is not for such a protracted or indefinite period as to render its issuance an abuse of discretion. *See, e.g., Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983) (holding that the stay of a district court patent proceeding pending reexamination

of the patent in the Patent and Trademark Office was not "for such a protracted or indefinite period as to render its issuance an abuse of discretion").

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

**SEP 0 2 2011**
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Carl Wayne Stewart
     Corinne A. Niosi, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 02 2011

JAN HORBALY
CLERK