NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE HO KEUNG TSE,**
*Petitioner.*

---

2013-168

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in No. 06-CV-6573, Judge Saundra Brown Armstrong.

---

**ON PETITION**

---

Before O'MALLEY, LINN and WALLACH, *Circuit Judges*.

PER CURIAM.

## O R D E R

Petitioner Ho Keung Tse ("Tse"), the plaintiff in the underlying patent infringement action, seeks a writ of mandamus to, inter alia, direct the United States District Court for the Northern District of California to lift the stay of proceedings and commence discovery. Respondents Apple Inc. et al., the defendants in this case, oppose the petition. Tse also moves to take judicial notice of certain documents.

In October 2007, the district court stayed proceedings in light of the United States Patent and Trademark

Office's ("USPTO") decision to institute an ex parte reexamination of the patent-in-suit. The record states that during those reexamination proceedings Tse submitted at least fourteen filings to the USPTO that, among other things, amended claims and added new claim 23. In January 2011, the Board of Patent Appeals and Interferences ("Board") sustained the patent examiner's rejection of a number of claims but reversed the examiner's rejection of several claims, including claim 23 of the patent-in-suit.

After receiving the USPTO's reexamination certificate, Tse served his new infringement contentions on respondents, including allegations of infringement of newly added claim 23. Tse also informed the district court of the new certificate and moved to lift the stay. In September 2013, the district court denied Tse's motion. The district court found that there were discrepancies between the USPTO's reexamination certificate and Tse's version of claim 23 as recited in the appendix of his appeal filed with the Board and noted that there appeared to be language missing in the certificate's version of claim 23. Because the difference between the two versions of claim 23 was "substantive rather than merely typographical," the district court concluded that continuing the stay until the USPTO clarifies the scope of claim 23 would simplify the litigation, and thus denied the motion to lift the stay.

Although he does not suggest that the USPTO's certificate is currently correct, Tse now seeks a writ of mandamus to direct the district court to lift the stay of proceedings. The decision to stay litigation is one committed to the sound discretion of the trial court. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983); *see also Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936). On mandamus review our role is not to second-guess the trial court's decision to stay; instead, we look only to see whether a "rational and substantive legal

argument can be made in support of the rule in question[.]" *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985); *see also Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (Mandamus is appropriate only if there is a "clear abuse of discretion.").

When measured against this exacting standard, Tse has not shown entitlement to relief. Under the circumstances, it was plausible for the district court to conclude that continuing the stay until after a certificate of correction issued would reduce the potential risk for unnecessary costs and inefficiencies during discovery, infringement and invalidity contentions, and claim construction stages of the litigation. *See Landis*, 299 U.S. at 254 (District courts have authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Moreover, the delay in lifting the stay here is fairly attributable to Tse himself, as he can request a corrected certificate that would promptly eliminate the need for the stay of proceedings. *See* 35 U.S.C. §254; *Manual of Patent Examining Procedure* § 1480.01 ("Where the correction requested was incurred through the fault of the [USPTO], and the matter is clearly disclosed in the records of the [USPTO], and is accompanied by documentation that unequivocally supports the patentee's assertion(s), a Certificate of Correction will be expeditiously issued.").

In sum, this court does not discern a clear abuse of discretion in the district court's decision to continue the stay of proceedings. Because this court rejects Tse's primary assertion of error, this court likewise denies his requests to commence discovery and reassign the case to a different district judge, as Tse has not shown a clear and indisputable right to such relief.

Accordingly,

IT IS ORDERED THAT:

4                                                                    IN RE TSE

    (1)  The petition is denied.

    (2)  Tse's motion to take judicial notice and motion to file a reply in support of that motion are granted.


FOR THE COURT

/s/ Daniel E. O'Toole
    Daniel E. O'Toole
    Clerk of Court

cc: Clerk, United States District Court for the Northern District of California

s26