NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## MISCELLANEOUS DOCKET NO. 910

## IN RE SYNTHES (U.S.A.),

Petitioner.

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Pennsylvania in case no. 2:03-CV-00084, Judge C. Darnell Jones II.

Before SCHALL, PROST, and MOORE, Circuit Judges.

PROST, Circuit Judge.

## ORDER

Synthes (U.S.A.) (Synthes) petitions for a writ of mandamus to direct the United States District Court for the Eastern District of Pennsylvania to vacate its order staying proceedings pending reexamination of two of the patents at issue.

In March 2003, Synthes filed a complaint against Smith & Nephew, Inc. (Smith) at the United States District Court for the Eastern District of Pennsylvania alleging that Smith infringed one of its patents (patent I). On June 16, 2003, the district court granted Smith's unopposed motion to stay proceedings pending reexamination of patent I. After the conclusion of the reexamination, the district court lifted the stay on August 24, 2006. In November 2006, Synthes amended its complaint, alleging infringement of two additional patents (patents II & III). On May 12, 2009, Smith then filed an unopposed motion to stay proceedings pending an ex parte and inter partes requests for reexamination of patents II and III. The district court granted the stay, finding that the reexamination would likely simplify or eliminate issues in the case, that the case was not

at such an advanced stage as to preclude a stay, and that no party would be unduly prejudiced by the stay.

Synthes petitions for a writ of mandamus to direct the district court to vacate its order staying proceedings pending reexamination. Synthes asserts that the district court clearly abused its discretion by finding that the benefits in staying proceedings outweighed any prejudice to Synthes and by finding that the stage of proceedings in the case did not favor denying the stay. Synthes asserts that it will be prejudiced by the stay because it will continue to lose market share to Smith's allegedly infringing products.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." In re Cordis Corp., 769 F.2d 733, 737 (Fed. Cir. 1985).

Synthes has not shown that it has a clear and indisputable right to a contrary ruling by the district court, when, as here, the ruling is committed to the discretion of the district court. Allied, 449 U.S. at 36. See also Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir.1983) (district court has broad discretion in managing its docket). The district court provided a sufficient basis for granting the stay, in it discretion.

Misc. 910                                    - 2 -

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

SEP - 1 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:     Gregory N. Stillman, Esq.
        Brian M. Poissant, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP - 1 2009

JAN HORBALY
CLERK

Misc. 910                        - 3 -